**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Michael Day Enterprises, Inc., *et al.* | ) | Case Nos. 09-55159 & 09-55162 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Marilyn Shea-Stonum |

**MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION TO COMPROMISE
THE OBJECTIONS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO DEBTORS' POSTPETITION FINANCING AND BIDDING PROCEDURES**

Michael Day Enterprises, Inc. and M & J Recycling, LLC (each a "Debtor" and collectively, the "Debtors"), in the above-captioned cases (the "Cases"), hereby move (the "Motion"), pursuant to section 105(a) of Title 11 (the "Bankruptcy Code") of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order compromising the objections (together, the "Objections") of the Official Committee of Unsecured Creditors (the "Committee") (i) to Debtors' Postpetition Financing (Doc. #62) and (ii) to Debtors' Bidding Procedures Motion (Doc. #63), in accordance with the terms set forth in the proposed Final DIP Order (the "Stipulated Order"), a copy of which will be forthcoming.

In support of their motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2).

2.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a), Fed. R. Bankr. P. 9019.

## **BACKGROUND**

4.     On November 10, 2009 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Cases are being jointly administered under the case number 09-55159.

5.     The Debtors are operating their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.     On the Petition Date, Debtors filed a Motion for Interim and Final Order: (I) Authorizing Debtors to Obtain Secured Post-Petition Financing and Use Cash Collateral; (II) Granting Adequate Protection; (III) Modifying the Automatic Stay; (IV) Setting Final Hearing; and (V) Granting Related Relief (the "Financing Motion").  (Doc. #14.)

7.     On the Petition Date, Debtors filed a Motion for Entry of Orders: (I) Approving Bidding Procedures (the "Bid Procedures") (II) Scheduling an Auction of Debtors' Assets and a Hearing to Consider the Sale of the Debtors' Assets and to Approve the Form and Manner of Notice Related Thereto, (III) Approving the Sale of Assets, or any Subset Thereto, to the Proponents of the Highest and Best Bids Free and Clear of All Liens, Claims and Interests; and (IV) Approving the Procedures to Provide Notice of Assumption and Assignment of Leases and Contracts, and Fixing Cure Amounts Thereon (the "Sale Motion").  (Doc. #21.)

8.     On December 3, 2009, the Committee filed the Objections.  The Committee's Objection to Debtors' Postpetition Financing objected primarily that the Committee had had insufficient time to review certain documents essential for the Committee's responsibilities, and

could not yet consent to certain terms proposed in the Financing Motion and associated documents. The Committee's Objection to Debtors' Bidding Procedures Motion not only objected to the Bid Procedures, but also strongly suggested that the Committee would object to the sale itself .

9.      The Court held a hearing to consider the Financing Motion, the Bid Procedures and the Objections thereto on December 4, 2009 at 1:00 p.m. Counsel for Debtors and the Committee appeared, along with counsel for Key Bank, National Assocation and Key Equipment Finance, Inc. (collectively, the "Lenders").

10.      The Debtors, the Committee and the Lenders have agreed to resolve the Objections on the terms and conditions set forth in a Stipulated Order (the "Settlement"). A copy of the Stipulated Order will be filed with this Court and served on parties in interest in accordance with Rule 2002.

## RELIEF REQUESTED

11.      Debtors request that the Court enter the Stipulated Order and thus approve the Settlement.

## Applicable Law

12.      Bankruptcy Rule 9019(a) provides, in part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Indeed, "compromises are favored in bankruptcy" because they minimize the costs of litigation and further the parties' interest in expediting administration of a bankruptcy estate. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996), *citing Collier on Bankruptcy* ¶9019.03[1] (15th ed. 1993); *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1995); *John S. Marandas, P.C. v. Bishop (In re Sassalos)*, 160 B.R. 646, 653 (D. Or. 1993).

13.     Courts will approve a compromise and settlement, if it is fair and equitable and in the best interests of the estate and its creditors. *Treinish v. Topco Assoc., Inc.* (*In re AWF Liquidation Corp*.), 208 B.R. 399, 400 (Bankr. N.D. Ohio 1997); *McGraw v. Yelverton* (*In re Bell & Beckwith*), 87 B.R. 476, 478 (N.D. Ohio 1988); *In re Mobile Air Drilling Co*., 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985). In making this determination, the Court must consider such factors as:

(1) whether the settlement is fair and equitable;

(2) the probability of success in litigation, compared to the present and future benefits offered by the proposed settlement;

(3) the prospect of complex litigation, as well as the expense, inconvenience and delay necessarily attendant to the litigation if the settlement is not approved;

(4) the extent to which the settlement is the product of arms length bargaining; and

(5) whether the settlement falls below the lowest point in the range of reasonableness.

*See In re Bell & Beckwith*, 87 B.R. at 478-479 (internal citations omitted); *In re Drexel Burnham Lambert Group, Inc*., 134 B.R. 493, 497 (Bankr. S.D.N.Y. 1991).

14.     In reviewing a proposed settlement, the Court's responsibility is "to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *In re Bell & Beckwith*, 87 B.R. at 479; *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d, 599, 609 (2d Cir. 2983); *In re Purofied Down Products Corp.,* 150 B.R. 519, 522 (Bankr. S.D.N.Y. 1993).

### Stipulated Order

15.     The Stipulated Order will resolve both Objections, provide a global resolution and a roadmap for the balance of the Cases. The following is a summary of the salient terms of the

Stipulated Order:[1]

- The global resolution contemplates a two step process for the conclusion of these Cases: first, Debtors will sell substantially all of their assets in a sale under Section 363 of the Bankruptcy Code as proposed in the Sale Motion. Once that sale has been completed, Debtors will propose a liquidating Chapter 11 plan (the "Plan") to distribute the remainder of their assets and wind down their affairs.

- The Plan will provide for the creation of a "Creditor Trust," which will be funded as follows: $325,000.00 of the Debtors' cash, including without limitation sale proceeds, will be carved out and not be paid to the Lenders as proceeds of the sale of its collateral and will be segregated for deposit into the Creditor Trust (the "Creditor Trust Funds"). The foregoing amount is inclusive of a carve-out for the Committee's professionals. The Creditor Trust will also receive all rights, claims and causes of action of the Debtors under Bankruptcy Code sections 544 through 550 and 510 and 553 and including any applicable non-bankruptcy law rights to avoid or recover transfers or obligations, or to subordinate or recharacterize debt (the "Litigation Claims" and, collectively with the Creditor Trust Funds, the "Creditor Trust Carve-Out"); and for the avoidance of doubt: (a) no Litigation Claims (if any) against the Lenders shall be included in the Creditor Trust and the Committee, on behalf of itself, releases any Litigation Claims against the Lenders, and (b) Litigation Claims shall not include any right of the Debtors to receive

---

[1] In the event of any conflict between the terms of the Stipulated Order and the summary provided herein, the terms of the Stipulated Order control.

payment for goods or services provided by the Debtors.

- The Committee will not object to the entry of an order concerning procedures for and confirmation of a sale of all of the Debtors' operating assets in a form substantially similar to the form of order proposed by Debtors. The Committee will not object to the entry of orders approving the sale order, Bid Procedures, or sale process for disposing of Debtors' assets, and will support the Debtors' request for Court approval of either the Asset Purchase Agreement dated as of November 9, 2009 by and between the Debtors and Radici Plastics USA, Inc. or its designee (the "Asset Purchase Agreement") or a higher or better bid (the "363 Sale Transaction").

- The Committee will agree to the "Stipulations" as defined in the Stipulated Order, acknowledging the validity and amount of the Lenders' claims and liens. No party will be entitled to challenge such Stipulations.

- The Lenders will waive their unsecured deficiency claims.

- Michael Day, all relatives and affiliates, including without limitation Day Family Enterprises, LLC, and any trust settled by any of them, and any equity security holder in any of them or in any Debtor (collectively, the "Insiders") shall not participate in any distribution from the Creditors' Trust Carve-Out in respect of any unsecured claim or any equity interest any of them may have against the Debtors.

- All allowed claims for any administrative expense or for any prepetition priority claims shall be assumed by Purchaser, or funded by Lenders pursuant to the DIP Financing so long as such administrative claims or pre-petition

priority claims are provided for payment in the Budget.  The Lenders will have no obligation under the Plan or otherwise to fund the payment of any administrative expense claims, priority claims, or other claims or expenses not provided for payment in the Budget.

## **CONCLUSION**

16.     Debtors believe that compromising the Objections on the terms of the Stipulated Order is in the best interest of the estate and its creditors.  The Stipulated Order is the product of arm's length-bargaining, and will eliminate the need for costly and protracted litigation that could easily end with a result less favorable to all parties because of the expenditure of estate assets necessary to litigate the Objections, diminishing the pool of assets available to all parties.

17.     The benefits of having a clear roadmap, mutually agreeable to Debtors, the Committee, and Lenders, are substantial and are all the more valuable for being agreed upon early in these Cases.  This will allow the Debtors to focus on marketing their assets and securing the best possible deal from the best possible buyer.

18.     The benefits of the Stipulated Order are clear, immediate, and substantial.  The benefits of continued litigation are uncertain, distant, and unlikely to prove substantial.

WHEREFORE, the Debtors respectfully request that this Court enter the Stipulated Order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated:  December 7, 2009          Respectfully submitted,


/s/ Kate M. Bradley
Marc B. Merklin  (0018195)
Kate M. Bradley (0074206)
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*

766580 v1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Motion was electronically transmitted on the 7th day of December, 2009 via the Court's CM/ECF system to the following who are listed on the Court 's Electronic Mail Notice List:

- Kate M Bradley     kbradley@brouse.com, tpalcic@brouse.com;mmiller@brouse.com
- Daniel A DeMarco   dademarco@hahnlaw.com, hlpcr@hahnlaw.com
- Cynthia A Jeffrey   ecfndoh@reimerlaw.com
- Jeffrey Marks     jemarks@ssd.com
- Marc Merklin     mmerklin@brouse.com, tpalcic@brouse.com
- Joseph C. Pickens     jpickens@cwslaw.com, khines@cwslaw.com
- Kristin E Richner     nbrannick@ssd.com
- United States Trustee     (Registered address)@usdoj.gov
- Jonathon M Yarger   jmy@cwylaw.com


<u>/s/ Kate M. Bradley</u>
Kate M. Bradley (0074206)